# In the United States Court of Federal Claims

No. 14-206 C
Filed: October 1, 2014

FILED
OCT -1 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DENNIS SHIPMAN, | |
| Plaintiff, *pro se*, | Jurisdiction; |
| | Motion to Dismiss, RCFC 12(b)(1), |
| v. | 12(b)(6); |
| | *Pro Se*; |
| THE UNITED STATES, | Summary Judgment, RCFC 56. |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Dennis Shipman**, Baltimore, Maryland, Plaintiff, *pro se*.

**Stuart F. Delery**, United States Department of Justice, Acting Assistant Attorney General, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I. RELEVANT FACTUAL BACKGROUND.[1]

In November 2013, the General Services Administration ("GSA") conducted an online auction of 29 Hewlett-Packard laser printers. Gov't Resp. App. at 1–4. The GSA informed successful bidders via email and required full payment to be submitted within two business days. Gov't Resp. App. at 6. The GSA also required that successful bidders remove any purchased property from the GSA within 10 business days. Gov't Resp. App. at 10.

Plaintiff submitted a bid for the printers. On November 19, 2013, the GSA informed Plaintiff via email that he was a winning bidder and must submit full payment within two business days from the date and time the email notification was sent to him. Gov't Resp. App. at 14–19. The GSA also informed Plaintiff that he must remove the printers within 10 business days from the date and time he received the email notification. Gov't Resp. App. at 14–19.

---

[1] The relevant facts discussed herein were derived from the March 13, 2014 Complaint, unless otherwise specified.

After the 10 days passed, contract officers and property custodians contacted Plaintiff, requesting that he remove the printers. Plaintiff requested a "reasonable accommodation" and extension, but the GSA did not respond.

The GSA terminated Plaintiff's contract, disposed of the printers, and retained Plaintiff's $45 payment. During this time, a contract officer in Region 3 allegedly appended derogatory information to Plaintiff's account. Plaintiff subsequently asked the GSA Office of the Inspector General to look into the matter, without response.

## II. PROCEDURAL HISTORY.

Plaintiff states that he filed a Complaint in the United States District Court for the Eastern District of Pennsylvania on an unspecified date but that it was returned unfiled.

On March 13, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims alleging: a taking of Plaintiff's private property for public use without just compensation under the Fifth Amendment of the Constitution of the United States; a violation of Plaintiff's constitutional right to "equal access" pursuant to 42 U.S.C. § 12101 *et seq.*; and a violation of the Due Process Clause of the Fifth or Fourteenth Amendment, because the GSA determined that Plaintiff was in default without a hearing. The Complaint seeks monetary damages and an injunction to prohibit the Government from disseminating derogatory information about Plaintiff's account. On the same day, Plaintiff also filed an Application to Proceed *In Forma Pauperis*, which the court granted.

On May 12, 2014, Defendant (the "Government") filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, pursuant to RCFC Rules 12(b)(1), 12(b)(6) and 56 ("Gov't Resp." and "Gov't Resp. App." 1–38).

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167,

1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216–217 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

    **B.**    **Standard Of Review For Pro Se Litigants.**

The pleadings of a pro se plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a pro se plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

    **C.**    **Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

    **D.**    **Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) (allowing a party to assert, by motion, "failure to state a claim upon which relief can be granted"). When considering whether to dismiss an action for failure to state a claim, the court must assess whether the complaint "allege[s] facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining factual plausibility, the

court engages in "context-specific task" that draws upon "its judicial experience and common sense." *Iqbal*, 550 U.S. at 679.

As a general matter, the court reviews the facts in a favorable light to the plaintiff. *See Bank of Guam*, 578 F.3d at 1326. Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citations omitted). *But see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thereafter, "if it appears 'beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief[,]'" then this court should dismiss the action. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 654 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

E.  **Standard Of Review For Summary Judgment.**

On a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Duramed Pharms., Inc. v. Paddock Labs., Inc.*, 644 F.3d 1376, 1380 (Fed. Cir. 2011); *see also* RCFC 56(a), (c). Only genuine disputes of material fact that might affect the outcome of the suit preclude entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). The "existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. "[C]ourts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

F.  **The Government's May 12, 2014 Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment.**

  1.  **The Government's Argument.**

The Government moves to dismiss Plaintiff's March 13, 2014 Complaint, as it fails to state a claim on which relief may be granted. Gov't Resp. at 6. The Government claims that Plaintiff's asserted takings claims properly should be characterized as a breach of contract instead of a "'taking [of P]laintiff's private property for public use without just compensation," because Plaintiff failed to "allege some rights existing independently of the auction contract in this case." Gov't Resp. at 6. If Plaintiff's claims properly are characterized as a breach of contract, the Complaint fails to state a claim on which relief may be granted, because the Government did not breach any contract with Plaintiff. Gov't Resp. at 7. Plaintiff failed to remove the printers from Government property, even after afforded extensions of time. Pursuant to the auction's terms and conditions, the GSA cancelled its contract with Plaintiff and returned the $45 payment to him. Gov't Resp. at 7. Therefore, the Complaint fails to assert any facts

"that would entitle [Plaintiff] to a legal remedy in this case" and should be dismissed. Gov't Resp. at 7.

In the event that the court does not dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted, the court should grant summary judgment in the Government's favor, because "there is no genuine dispute as to any material fact and the Government is entitled to judgment as a matter of law" under RCFC 56(c). Gov't Resp. at 7. There is no dispute that Plaintiff did not remove the printers by December 6, 2013 and was in default of the terms of the auction contract that prompted the GSA to cancel the contract. Gov't Resp. at 8. The Government also claims that there is no genuine dispute that the GSA returned the $45 payment to Plaintiff. Gov't Resp. at 8. The GSA "completed the necessary documentation to refund [Plaintiff's] $45 payment, and credited that payment back to [Plaintiff's] credit card" on December 6, 2013, the same day the GSA cancelled the auction contract. Gov't Resp. at 8. Therefore, there is no genuine dispute as to any material fact. Gov't Resp. at 8.

Finally, the court does not have subject matter jurisdiction to entertain claims based upon the Due Process Clause of the Fifth Amendment, the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment, or other alleged violations of the United States Constitution. Gov't Resp. at 8.

  **2. The Plaintiff's Response.**

Plaintiff did not respond to the Government's May 12, 2014 Motion.

  **3. The Court's Resolution.**

    **a. The March 13, 2014 Complaint Fails To Allege A Breach Of A Government Contract.**

In applying both RCFC 12(b)(1) and 12(b)(6), the court must "assume all factual allegations [of the complaint] to be true and . . . draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797. Even if the court assumes that a plaintiff's factual submissions are true, the complaint still has not alleged sufficient facts to support a reasonable inference that a plaintiff is owed any monetary damages.

The March 13, 2014 Complaint improperly characterizes one of the alleged claims against the Government as a takings claim. Compl. ¶¶ 1, 16. As a threshold matter, a takings claim does not arise under a government contract, because "the government is acting in its proprietary rather than its sovereign capacity, and because remedies are provided by the contract." *St. Christopher Assocs., L.P. v. United States*, 511 F.3d 1376, 1385 (Fed. Cir. 2008) (quoting *Sun Oil Co. v. United States,* 572 F.2d 786, 818 (Ct. Cl. 1978) ("[T]he concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily created by contract.")); *see also Barlow & Haun, Inc. v. United States*, 87 Fed. Cl. 428, 439 (2009) ("[W]hen the Government enters into a contract in a commercial capacity, the concept of a Fifth Amendment taking has limited applicability."). As Plaintiff's alleged property rights in GSA's printers arose from the terms of the auction, the proper cause of action is a breach of contract claim, not a taking.

Even assuming all factual allegations of the Complaint are true, the GSA did not breach the auction contract, as the terms and conditions clearly provide that successful bidders must submit full payment within two business days and must remove any purchased property from the GSA within 10 business days. Gov't Resp. at 3. Plaintiff failed to remove the printers from the GSA's premises, even after being granted numerous extensions of time. Under these circumstances, the auction contract afforded GSA the right to cancel the contract with Plaintiff. Gov't Resp. at 7.

      **b.**    **The United States Court Of Federal Claims Does Not Have Subject Matter Jurisdiction To Adjudicate The Constitutional Claims Or The Equal Access Claim Asserted In The March 13, 2014 Complaint.**

The Complaint also alleges that the Government violated Plaintiff's constitutional right to equal access, pursuant to 42 U.S.C. 12101 *et seq.*, and due process under the Fifth and Fourteenth Amendment when the GSA determined that Plaintiff was in default without a hearing. Compl. ¶¶ 6–7, 17–18. The United States Court of Federal Claims' authority to grant equitable remedies is limited to relief that is "an incident of and collateral to" a monetary judgment. *See* 28 U.S.C. § 1491(a)(2); *see also Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action.").

Therefore, the court does not have subject matter jurisdiction over claims alleging a violation of the Due Process Clause of the Fifth or Fourteenth Amendment, because neither constitutional provision requires that payment of money by the Government. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages.").

In addition, the court does not have subject matter jurisdiction over claims alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, because "the ADA is not a money-mandating source of law." *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (citing *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009)).

The declaratory and injunctive relief sought by Plaintiff is not "an incident of and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2). Therefore, the court does not have jurisdiction to adjudicate such claims when they are the "primary focus of the plaintiff's suit." *Rice v. United States*, 31 Fed. Cl. 156, 164 (1994), *aff'd* 48 F.3d 1236 (Fed. Cir. 1995). As such, Plaintiff's constitutional and Section 12101 claims must be dismissed.

## IV.     CONCLUSION.

For these reasons, the Government's May 12, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1). Accordingly, the Clerk is directed to dismiss the March 13, 2014 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**